IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMARA FRAZIER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTH IMAGING, INC.,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | 1:16-CV-02148-ELR |

**ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement. [Doc. 26]. Significantly, Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations

mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement [Doc. 26], the Court finds there is a bona fide dispute

regarding claims arising under the FLSA, and the Joint Stipulation of Settlement and Release is a fair and reasonable resolution to this action. Although Defendant denies Plaintiff's allegations of wrongdoing, the parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. For the reasons set forth in the Plaintiff's unopposed Motion, the Court finds that the parties' settlement represents a fair and reasonable resolution of their dispute and that the proposed Settlement Notice and Settlement Checks should be issued to all eligible potential settlement opt-in plaintiffs in the manner specified in the Motion. The Court further orders that all Participating Settlement Opt-ins, as defined by the Settlement Agreement, will be deemed by the Court to have consented to join this lawsuit and opted into this lawsuit by negotiating a Settlement Check. As to all opt-ins who timely negotiate their settlement checks, Plaintiff will file dismissal with prejudice of the claims ten (10) days after the close of the Acceptance Period as stated in the Agreement. As to all opt-ins who do not negotiate their settlement checks within the Acceptance Period allowed in the Notice, they are not participants in this settlement or this litigation, and no release of claims results from their failure to participate in or otherwise join this settlement or this litigation.

Accordingly, the Court **GRANTS** Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement [Doc. 26] and **APPROVES** the parties' Joint Stipulation of Settlement and Release and Notice. The Court directs the Clerk to

**ADMINISTRATIVELY CLOSE** this case, pending dismissal to be filed by Plaintiff as stated herein and in the Motion.

**SO ORDERED**, this 28th day of September, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia